UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMY BENEDICT, | ) | Case No: 1:19 CV 113 |
| | ) | |
| Petitioner-Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| AMGEN USA, INC., | ) | |
| | ) | |
| Respondent-Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Plaintiff's Motion to Vacate Arbitrator's Award ("Motion to Vacate") (ECF No. 1), Defendant's Motion to Dismiss for Insufficient Process or Service of Process ("Motion to Dismiss") (ECF No. 4), and Plaintiff's Motion to File, *Instanter*, a Sur-Reply to Defendant's Reply Memorandum ("Motion to File Sur-Reply") (ECF No. 10). For the following reasons, the court denies Plaintiff's Motion to Vacate, grants Defendant's Motion to Dismiss, and denies Plaintiff's Motion to File Sur-Reply.

### I. BACKGROUND

On December 6, 2016, Plaintiff Amy Benedict ("Plaintiff") filed suit in the Cuyahoga County Court of Common Pleas against her former employer Defendant Amgen USA, Inc. ("Defendant"), a Delaware corporation headquartered in California, alleging age and gender discrimination. (Pl.'s Mot. to Vacate Ex. 1, ECF No. 1-1.) Thereafter, Defendant removed the case to this court and moved

to dismiss the case, or, in the alternative, to compel arbitration. (Pl.'s Mot. to Vacate, ECF No. 1, PageID # 6.) This court granted Defendant's Motion on April 3, 2017, instructing the parties to proceed to arbitration, and dismissing the case without prejudice. *Bennedict v. Amgen, Inc.*, No. 17-cv-00067-CAB (N.D. Ohio Apr. 3, 2017). On July 13, 2017, the American Arbitration Association appointed Peggy Foley-Jones ("Jones") as the arbitrator and neither party objected to the appointment. (Pl.'s Mot. to Vacate at PageID # 6.) On August 22, 2017, Defendant replaced its original counsel from Thompson Hine, LLP with counsel from Faegre Baker Daniels, LLP ("FBD"). Although Jones previously submitted a General Oath Form with the mandatory conflicts disclosure attesting that she had no conflicts, Plaintiff states that she did not submit an updated General Oath Form after Defendant switched representation to FBD. (*Id.* at PageID # 7.) On October 15, 2018, Jones issued a final award in favor of Defendant. (Pl.'s Mot. to Vacate Ex. 11, ECF No. 1-10.)

On October 30, 2018, Plaintiff states that she learned that Jones had a conflict of interest throughout the course of the arbitration proceedings. Specifically, Plaintiff points to two cases in which Jones was co-counsel with FBD. (Pl.'s Mot. to Vacate at PageID # 8.) On November 2, 2018, Plaintiff filed a Motion for Reconsideration, requesting that Jones reconsider her decision or vacate the award in light of the newly discovered conflict of interest. (*Id.*) Defendant responded that Jones had disclosed the conflict during an informal telephone call on February 14, 2018, which Plaintiff disputes. (*Id.*) Jones denied Plaintiff's Motion for Reconsideration on December 7, 2018. (Pl.'s Mot. to Vacate, Ex. 24, ECF 1-23.)

On January 15, 2019, Plaintiff filed a Motion to Vacate the Arbitration Award in this court under Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, alleging that Jones's award to Defendant was biased and arose from an undisclosed conflict between Jones's firm and

Defendant's counsel. (Pl.'s Mot. to Vacate at PageID # 9.) It is undisputed that Plaintiff sent Defendant's counsel a copy of the Motion to Vacate that same day. (Def.'s Mot. to Dismiss, ECF No. 5, PageID # 362; Pl.'s Opp'n to Mot. to Dismiss, ECF No. 7, PageID # 399.) In response, Defendant filed a Motion to Dismiss for Insufficient Process or Service of Process (ECF No. 4). Plaintiff responded to Defendant's Motion to Dismiss on February 19, 2019 (ECF No. 7). On March 5, 2019, Defendant submitted a reply (ECF No. 9). On March 22, 2019, Plaintiff filed a Motion for leave to File, *Instanter*, a Sur-Reply to Defendant's Reply Memorandum (ECF No. 10).

## II. LAW AND ANALYSIS

### A. Legal Standard

Federal Rules of Civil Procedure 12(b)(4) and (12)(b)(5) authorize a district court to dismiss a complaint for insufficient process or service of process. The complaining party bears the burden of perfecting service of process and showing that proper service was made. *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Motions to dismiss for improper service in federal court are usually governed by the service rules in Rule 4, but where a party seeks to vacate its arbitration award pursuant to the FAA, the party must follow the service requirements in Section 12 of the FAA. Section 12 states, in relevant part:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. . . . If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

Although the Sixth Circuit has not taken up the issue, other courts have held that the phrase "in like manner as other process of the court" requires parties to follow Rule 4 in

providing notice. *Cf. Own Capital, LLC v. David Smith Autoland, Inc.*, No. 10-mc-51002, 2010 WL 3623173, at *2 (E.D. Mich. Sept. 15, 2010) (interpreting the same language in § 9, which states the service requirements when seeking confirmation of arbitration award in federal court).

### B. Defendant's Motion to Dismiss, Plaintiff's Motion to Vacate, and Plaintiff's Motion to File Sur-Reply

It is undisputed that Plaintiff filed the Motion to Vacate exactly three months after Jones granted Defendant its arbitration award, and, thus, timely filed the Motion to Vacate pursuant to 9 U.S.C. § 12. However, Defendant claims that Plaintiff has not complied with the service requirements under § 12. Defendant argues that it was only given notice via email to an unauthorized agent, which is insufficient service for an out-of-state corporation under § 12. (Def.'s Mot. to Dismiss at PageID # 366.) Furthermore, since it is well past the three-month deadline outlined in § 12, Plaintiff would be time-barred from another attempt to perfect service. Accordingly, Defendant argues that Plaintiff's Motion to Vacate must be dismissed. (*Id*.) On the other hand, Plaintiff maintains that service by email on January 15, 2019, is sufficient under § 12. (Pl.'s Opp'n to Mot. to Dismiss at PageID # 399.)

The court finds Plaintiff's position unpersuasive. Plaintiff first contends that courts no longer require service by marshal, and any service pursuant to Rule 4 of the Federal Rules of Civil Procedure is sufficient for the purposes of § 12. (*Id.* at PageID # 400.) The court acknowledges that there is some disagreement among federal courts about the marshal requirement. *Compare PTA-FLA, Inc. v. ZTE USA,* No. 3:11-cv-510-J-32JRK, 2015 WL 12819186, at *8 (M.D. Fla. Aug. 5, 2015) (finding service by private process server instead

of a marshal to be insufficient) *with In Re Arbitration between Intercarbon Bermuda, Ltd.. And Caltex Trading and Transp. Corp.*, 146 F.R.D. 64, 67 n.3 (S.D.N.Y. 1993) ("Section 12 is an anachronism not only because it cannot account for the internationalization of arbitration law subsequent to its enactment, but also because it cannot account for the subsequent abandonment of United States marshals as routine process servers."). However, whether the FAA no longer requires service by marshal is far from settled, and Plaintiff does not present any other substantive arguments for the court to consider on this issue. In any case, this court recently held that the plain language of § 12 requires service by marshal. *See Shaut v. Hatch*, No. 1:18 CV 420, 2018 WL 3559081, at *2 (N.D. Ohio July 24, 2018) ("The wording of § 12 is clear. Service by marshal is required if the adverse party is a nonresident.").

Even if the court were to find that service by marshal is no longer required under § 12, the court disagrees that service by email to Defendant's counsel was acceptable in this case. For Plaintiff to have given adequate notice to Defendant under Rule 4, she must have served Defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or delivering a copy of the summons and complaint to the individual's agent authorized by appointment or by law to receive service of process.[1] Fed. R. Civ. P. 4(e). In Ohio, there are two methods for service of an out-of-state corporation: (1) service by clerk or (2) personal service. Ohio Civ. R. 4.3(B). Thus, service by email would be a deviation from the rule. Although "some courts have permitted service by alternate methods based upon the facts or

---

[1] Rule 4(e) also permits service by delivering a copy of the summons and complaint to the individual personally or to the individual's dwelling or place of abode with someone who resides there. However, these methods were not relevant in this case.

equities in those cases" this is not such a case. *See Shaut*, 2018 WL 3559081, at *3. Plaintiff does not state that she sought consent for email service, and it is not enough that Defendant has accepted service via email in the past. *See id.* (finding email service to be insufficient even where "email service was used in the underlying arbitration"). Further, Plaintiff emailed Defendant's counsel a copy of the Motion to Vacate, but did not include any exhibits or a summons. (Def.'s Mot. to Dismiss Ex.1, ECF No. 5-1.) Finally, the parties dispute whether Defendant's counsel is a proper agent who is authorized to accept service. Defendant argues that its counsel is not a proper agent and that Plaintiff should have served Defendant's resident agent, which Plaintiff had previously served to initiate the litigation. (Def.'s Mot. to Dismiss at PageID # 367.) Although Plaintiff counters by stating that Defendant's counsel had previously accepted service, she provides no support that Defendant's counsel would be a proper agent upon which she could have effected service of process in this instance. (Pl.'s Opp'n to Mot. to Dismiss at PageID # 401). Thus, Plaintiff has not provided good cause for deviating from the service rules.

Finally, Plaintiff argues that even if the court finds that she did not perfect service under Rule 4, the court can exercise its discretion to extend § 12's three-month deadline, and give Plaintiff another opportunity to perfect service of process. (Pl.'s Opp'n to Mot. to Dismiss at PageID # 402.) For this proposition, Plaintiff cites to Rule 4(m), which states that "if the plaintiff shows good cause for the failure [to serve the defendant], the court must extend the time for service for an appropriate period." Plaintiff contends that there was no prejudice as a result of the notice by email, that she had only one month to file her Motion to Vacate after Jones denied her Motion for Reconsideration, and that dismissal would preclude her from a

decision on the merits. (*Id*. at PageID # 402–03.) Defendant, on the other hand, argues for a strict reading of § 12's three-month deadline, and maintains that the court is required to dismiss Plaintiff's Motion to Vacate on the basis of improper service. (Def.'s Reply, ECF No. 9, PageID # 473.)

The court denies Plaintiff's Motion to Vacate, without deciding whether § 12 requires a strict reading, such that the court does not have discretion to extend the deadline for which a plaintiff could perfect service. Regardless of whether § 12 affords this court discretion, Plaintiff has not shown good cause for an extension. Although Plaintiff has shown that it has been pursuing its claims diligently by filing its Motion for Reconsideration with Jones, Plaintiff has provided no evidence of exigent circumstances that prevented it from perfecting service under § 12. *See Shaut*, 2018 WL 3559081, at *3 (rejecting Petitioner's arguments for equitable tolling because "Petitioner has offered no evidence that . . . some extraordinary circumstance prevented his proper completion of the service requirements"); *PTA-FLA, Inc.*, 2015 WL 12819186, at *8 (declining to "overlook any technical errors in service of process" because the party had not "identified any reason why it did not attempt to serve [the adverse party] by marshal. . . .").

Accordingly, the court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion to Vacate. The court also denies Plaintiff's Motion to File Sur-Reply. Plaintiff's Sur-Reply Motion seeks leave to file a sur-reply to address Defendant's contention that *Corey v. NYSE*, 691 F.2d 1205 (6th Cir. 1982) is controlling and requires the court to grant Defendant's Motion to Dismiss. However, Defendant cited to *Corey* in its Motion to Dismiss and only embellishes its original argument in its Reply. (*See* Def.'s Mot. to Dismiss, PageID # 364.)

Thus, the court, in its discretion, finds that the matter was fully briefed and that it was unnecessary to consider Plaintiff's sur-reply. In any case, the court did not rely on *Corey* in coming to its decision to grant Defendant's Motion to Dismiss and to deny Plaintiff's Motion to Vacate. Accordingly, the court denies Plaintiff's Motion to File Sur-Reply.

### III. CONCLUSION

For the foregoing reasons, the court denies Plaintiff's Motion to Vacate (ECF No.1), grants Defendant's Motion to Dismiss (ECF No. 5), and denies Plaintiff's Motion to File Sur-Reply (ECF No. 10).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 15, 2019